```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF KENTUCKY
                   SOUTHERN DIVISION at PIKEVILLE

MAXIE MULLINS,                  )
                                )
     Plaintiff,                 )
                                )    Civil Case No. 16-85-JMH
v.                              )
                                )
CAROLYN COLVIN, Acting          )
Commissioner of Social          )
Security,                       )
                                )
     Defendant.                 )

                              ***

RUTH NEWSOME,                   )
                                )
     Plaintiff,                 )
                                )    Civil Case No. 16-107-JMH
v.                              )
                                )
CAROLYN COLVIN, Acting          )
Commissioner of Social          )
Security,                       )
                                )
     Defendant.                 )

                              ***
```

**MEMORANDUM OPINION AND ORDER**

Both matters are before this Court upon the Acting Commissioner's Motions for Summary Judgment [DEs 12, 13]. Plaintiffs having filed Responses in Opposition [DEs 20, 16], and the Acting Commissioner having submitted Replies [DEs 21, 19],[1] these Motions are now ripe for the Court's review. Because there

---

[1] All citations will refer to the records in *Mullins* first, and then the record in *Newsome*, unless otherwise specified herein.

1

are no disputes regarding the material facts, and because resolution of the legal issues favor the defendant, for all of the reasons stated below, the Acting Commissioner's Motions will be granted[2].

## I.   BACKGROUND

***Pikeville Civil Action No. 16-85 – Maxie Mullins***

As Plaintiff Mullins averred in her Amended Complaint, she was found disabled by an administrative law judge (ALJ) on October 9, 2007. The ALJ issued a fully favorable decision without a hearing by relying on evidence from Dr. Frederic Huffnagle (ECF No. 8-1, Exhibit A: Declaration of Nirmal Patel ¶ 2, Attachment 1 (Patel Decl.)). At the time, Plaintiff was represented by Eric C. Conn, an attorney representative (id.).

Plaintiff's lawsuit arises out of the redetermination process set forth in section 205(u) of the Act. These sections requires SSA to "immediately redetermine" an individual's entitlement to benefits whenever there is "reason to believe that fraud or similar fault was involved in the application of the individual for such benefits," and, in the process, to "disregard any evidence" if there is reason to believe that fraud or similar fault was involved

---

[2] In Mullins' case, the Commissioner asks the Court to dismiss Counts 1, 2, 3, 4, 5, 6, and 7 of her Amended Complaint [DE 12]. Similarly, in Newsome's case, the Commissioner asks the Court to dismiss Counts 1, 2, 3, 4, 5, 6, and 7 of her Amended Complaint [DE 13]. To the extent that these Plaintiffs challenge the underlying entitlement decisions, as otherwise addressed in their respective Complaints, those issues are properly before this Court and will be briefed at a later date.

2

in providing that evidence. 42 U.S.C. § 405(u)(1). "If, after redetermining pursuant to this subsection the entitlement of an individual to monthly insurance benefits, the Commissioner of Social Security determines that there is insufficient evidence to support such entitlement, the Commissioner of Social Security may terminate such entitlement and may treat benefits paid on the basis of such insufficient evidence as overpayments." 42 U.S.C. § 405(u)(1).[3]

Under the redetermination process, if the case is remanded to an ALJ for a hearing, individuals may submit statements or evidence up to the date of their hearing in support of the original disability determination, regardless of whether the individual previously submitted that evidence to the Appeals Council (AC). Social Security Ruling (SSR) 16-1p, 81 Fed. Reg. 13436 (Mar. 14, 2016). If the ALJ issues a decision finding that an individual was not entitled to benefits at the time he or she was originally awarded benefits, that individual's benefits will then be terminated. The individual may subsequently request review by the AC. *See* 20 C.F.R. §§ 404.967-404.968. If the AC issues a decision, that decision will constitute the final agency decision. 20 C.F.R. § 404.981. If the AC decides not to review the ALJ's decision, the

---

[3] *See* ECF No. 11 (denying as moot Defendant's motion to dismiss in part Plaintiff's original Complaint and request for extension of time to respond to remaining counts of Plaintiff's original Complaint filed in connection with that motion).

ALJ's decision will constitute the final agency decision. Id. In either situation, a dissatisfied individual may then seek judicial review. 42 U.S.C. §§ 405(g)-(h).

On May 12, 2015, pursuant to section 1129(l) of the Social Security Act (Act), 42 U.S.C. § 1320a-8(l), SSA OIG informed the agency that there was reason to believe that fraud was involved in the applications for benefits of approximately 1,800 individuals (Patel Decl. ¶ 3, Attachment 2). Specifically, SSA OIG had reason to believe that Mr. Conn or his firm submitted pre-completed "template" residual functional capacity forms purportedly from Bradley Adkins, Ph.D., Srinivas Ammisetty, M.D., Frederic Huffnagle, M.D., or David P. Herr, D.O., dated between January 2007 and May 2011, in support of the individuals' applications for benefits[4] (id.).

Following receipt of this information, SSA was required by statute to redetermine those individuals' entitlement to benefits in accordance with section 205(u) of the Act. 42 U.S.C. § 405(u). Plaintiff was one of those individuals. Shortly after the SSA OIG's referral, on May 18, 2015, SSA notified Plaintiff that there was reason to believe fraud or similar fault was involved in her application for benefits, and that SSA was required to redetermine

---

[4] Mr. Conn, Dr. Adkins, and former Huntington Hearing Office Administrative Law Judge David Daugherty were recently charged in an 18-count indictment returned on April 1, 2016 in the U.S. District Court for the Eastern District of Kentucky. See Indictment, U.S. v. Conn, et al., 5:16-cr-22 (E.D. Ky. Apr. 1, 2016), ECF No. 1.

her entitlement to benefits under sections 205(u) and 1631(e)(7) and disregard the evidence from Dr. Huffnagle (Patel Decl. ¶ 4, Attachment 3). SSA invited Plaintiff to submit more evidence or a statement about the facts or law in her case (id.). On September 11, 2015, SSA notified Plaintiff that it had considered any evidence submitted along with the other evidence of record, but that there was insufficient evidence to support the prior ALJ's decision (Patel Decl. ¶ 5, Attachment 4). SSA remanded Plaintiff's case to a new ALJ for a hearing and a new decision (id.).

The ALJ conducted a hearing in December 2015, at which Plaintiff appeared with a representative (Patel Decl. ¶ 7). After considering the hearing testimony and relevant evidence, the ALJ concluded that there was insufficient evidence in the administrative record to support Plaintiff's original entitlement to benefits (Patel Decl. ¶ 7, Attachment 5). This decision became the agency's final decision when the AC denied Plaintiff's request for review on March 17, 2016 (Patel Decl. ¶ 7, Attachment 6).

Plaintiff filed her complaint with this Court on May 17, 2016 (ECF No. 3), and served the Acting Commissioner on May 23, 2016. Plaintiff filed an amended complaint on August 2, 2016 (Am. Compl.).

***Pikeville Civil Action No. 16-107 – Ruth Newsome***

As Plaintiff Newsome averred in her Amended Complaint, she was found disabled by an administrative law judge (ALJ) on July

5

12, 2007 (Am. Compl. ¶ 4). The ALJ issued a fully favorable decision without a hearing (ECF No. 9-1, Exhibit A: Declaration of Carmine Borrelli ¶ 2, Attachment 1 (Borrelli Decl.)). At the time, Plaintiff was represented by Eric C. Conn, an attorney representative (id.).

Shortly after the SSA OIG's referral, discussed in more detail *supra*, SSA notified Plaintiff that there was reason to believe fraud or similar fault was involved in her application for benefits, and that SSA was required to redetermine her entitlement to benefits under sections 205(u) and 1631(e)(7) and disregard record evidence from Dr. Huffnagle (Borrelli Decl. ¶ 4, Attachment 3). SSA invited Plaintiff to submit more evidence or a statement about the facts or law in her case (id.). On August 28, 2015, SSA notified Plaintiff that it had considered any evidence submitted along with the other evidence of record, but that there was insufficient evidence to support the prior ALJ's decision (Borrelli Decl. ¶ 5, Attachment 4). SSA remanded Plaintiff's case to a new ALJ for a hearing and a new decision (*id.*).

The ALJ conducted a hearing in December 2015, at which Plaintiff appeared with a representative (Borrelli Decl. ¶ 7). After considering the hearing testimony and relevant evidence, the ALJ concluded that there was insufficient evidence in the administrative record to support Plaintiff's original entitlement to benefits (Borrelli Decl. ¶ 7, Attachment 5). This decision

6

became the agency's final decision when the AC denied Plaintiff's request for review on March 31, 2016 (Borrelli Decl. ¶ 7, Attachment 6).

Plaintiff filed her complaint with this Court on May 15, 2016 (ECF No. 1), and served the Acting Commissioner on May 31, 2016. Plaintiff filed an amended complaint on August 2, 2016 (Am. Compl.).

## II.   ANALYSIS

The arguments presented on behalf of both Plaintiffs and the Acting Commissioner mirror those previously addressed by the Court in *Perkins v. Colvin*, Pikeville Civil Action No. 16-CV-35 (E.D. Ky. December 16, 2016), as well as by my brother Judge Reeves in a series of decisions rendered on November 15, 2016, *see* 0:16-017-DCR, 0:16-061-DCR, 7:16-051-DCR, 7:16-059-DCR, 7:16-068-DCR, 7:16-075-DCR, 7:16-101-DCR, and 7:16-153-DCR, from across the Eastern District of Kentucky.  My decision in *Perkins* and those rendered by Judge Reeves clearly explain why we believe no due process error occurred in the redetermination procedure employed by the Acting Commissioner.[5]  Nothing more need be said on this point.

---

[5] Additionally, both Plaintiffs contend that (1) the agency's reopening regulations govern the redetermination process under sections 205(u) and 1631(e)(7), and (2) the agency violated the Social Security Act's requirement that redetermination hearings be initiated "immediately" upon there being a reason to believe fraud or similar fault was involved in Plaintiff's original application for benefits.  These arguments require no further discussion, as they have already been rejected by this Court in *Perkins*, 7:16-cv-35, and *Thompson*, 0:16-cv-62, and by Judge Reeves in 0:16-017-DCR, 0:16-061-DCR, 7:16-051-DCR, 7:16-059-DCR, 7:16-068-DCR, 7:16-075-DCR, 7:16-101-DCR, and 7:16-153-DCR.

7

Accordingly, for the reasons stated herein,

**IT IS ORDERED** that the Acting Commissioner's Motions for Summary Judgment [Pikeville Civil Action No. 7:16-85, DE 12][Pikeville Civil Action No. 7:16-107, DE 13] are **GRANTED**.

This the 22nd day of December, 2016.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge