```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF KENTUCKY
                     SOUTHERN DIVISION at PIKEVILLE

RUTH NEWSOME,                    )
                                 )
     Plaintiff,                  )
                                 )
                                 )    Civil Case No. 16-cv-107-
v.                               )               JMH
                                 )
NANCY A. BERRYHILL, Acting       )
Commissioner of Social           )
Security,                        )    MEMORANDUM OPINION & ORDER
                                 )
     Defendant.
```

*** 

This matter is before the Court upon the cross-motions for summary judgment of the parties with respect to the decision of the ALJ on reconsideration of Plaintiff's application for benefits [DE 32, 33; Responses at DE 34, 35.] In addition to briefing on these motions, the Court has had the benefit of oral argument by the parties during a telephonic hearing on February 21, 2017. Thus, these motions are ripe for decision.

When reviewing a decision made by the ALJ, the Court may not "'try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility.'" *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012) (quoting *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007)). "The ALJ's findings are conclusive as long as they are supported by substantial evidence." 42 U.S.C. § 405(g); *Foster v. Halter*, 279 F.3d 348,

353 (6th Cir. 2001) (citations omitted). Substantial evidence "means such relevant evidence as a reasonable mind might accept." *Id*. at 353 (quoting *Kirk v Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981)).

The parties agree that when Newsome last worked in October 2005, she had depression and anxiety and that, then, her depression and anxiety worsened. The parties also agree that the relevant time period, as determined by the ALJ, extended from October 3, 2005, through July 12, 2007. Based on the evidence of those conditions in the record, the ALJ concluded that, "[d]uring the relevant period, the beneficiary had the following severe impairments: an adjustment disorder with depressed mood and a panic disorder." [AR at 14.]

She testified during her hearing before the ALJ that she experienced soreness and numbness in her dominant right hand during the relevant period under reconsideration [DE 40-41], and she argues that the ALJ erred when he did not conclude that her hand pain was a severe impairment because his decision was not supported by substantial evidence. An Adult Medical Report for Social Security Disability and associated records from East Kentucky Bone & Joint Surgery, P.S.C., documented her complaint of right forearm pain on August 8, 2006, and an x-ray performed in April 2006. [AR at 339-44.] Nonetheless, she testified that she did not receive any treatment for symptoms during the

2

period, which indicated that the condition did not limit her activities [AR at 14, 47.] The x-ray in question showed normal results and, while her physician, Dr. Shockey, recommended that she do exercises for any symptoms that resulted from overuse of the muscles [AR at 344], an agency examining physician reported an "entirely normal" physical examination only four months later. [AR at 657]; *see* also [AR at 713 (report of state agency physician Sudhideb Mukherjee, M.D., concluding that Plaintiff did not have a severe physical impairment)]. In other words, there is substantial evidence to support the ALJ's conclusion that she did not have a severe arm impairment during the relevant period. *See Foster v. Bowen*, 853 F.2d 483, 489 (6th Cir. 1988) (the mere diagnosis of an impairment is not enough to show disability; a claimant must also prove its severity and functional impact).

The same is true of the ALJ's decision that her kidney stones and issues surrounding Plaintiff's gynecological surgeries were short-term, acute conditions that did not meet the durational requirements. [*See* AR at 224-26 (surgical rectocele repair in January 2006); 523 (temporary restriction from heavy lifting and driving for two weeks following hysterectomy); 238, 361 (treatment for kidney stones in May and August, 2006).] While a reasonable mind could infer that she had recuperative periods following each of these procedures, she

3

cites no medical or other evidence in the record that supports a conclusion of long-term functional restrictions that would signal a severe impairment. Thus, the Court rejects her argument that the ALJ's decision was unsupported by substantial evidence on this ground.

Finally, she argues that the ALJ erroneously concluded that she did not have an impairment or combination of impairments that met or medically equaled the severity of one Listing 12.04 (affective disorders) in 20 CFR Part 404, subpt. P, app. 1. However, she has not borne her burden of demonstrating an impairment under the listing through citation to medical evidence supported by acceptable clinical and diagnostic techniques, *Land v. Sec'y of Health and Human Servs.*, 814 F.2d 241, 245 (6th Cir. 1986), which "show[s] that [s]he suffers from one of these impairments or that [s]he suffers from one or more unlisted impairments that singly or in combination are the medical equivalent of a listed impairment." *Dorton v. Heckler*, 789 F.2d 363, 365-66 (6th Cir. 1986). Specifically, with respect to Listing 12.04 (affective disorders), the ALJ concluded that the evidence upon which she now relies did not support the conclusion that she had marked limitations in activities of daily living and that it showed that she had only moderate limitations in maintaining social functioning and maintaining concentration, persistence, or pace, and that she

4

had not had repeated episodes of decompensation [AR 15-16]. She argues that his conclusion is not supported by the evidence that she had a two-year history of panic disorder which covered the relevant period. She relies, as well, on her testimony that she needed her husband's help for chores at home, for driving, and for accomplishing tasks such as leaving the house and shopping. She argues that this evidence establishes that she meets Listing 12.04 when coupled with the report from consulting psychologist Timothy J. Carbary, Ph.D., in which he sets forth his opinion that she would have difficulty sustaining attention to tasks if pressured and experienced nervousness and a tendency to freeze under certain conditions, a propensity for panic, and that work related stress could lead to decompensation [AR at 733-41].

At best, however, the evidence could also support both the conclusion that her condition met the Listings and that it did not to reasonable but differing minds, but that is not enough. If reasonable minds could differ on the question, then substantial evidence supports the decision of the ALJ to deny benefits on this ground. Ultimately, none of her diagnoses alone nor in when considered in combination with her subjective complaints would require a reasonable mind to conclude that Plaintiff met or equaled Listing 12.04. Rather, there is substantial evidence of record to support the ALJ's conclusion. *See* 20 C.F.R. p.t 404, subpt. P, app. 1 § 12.00(C)(1) (defining

activities of daily living), [AR at 46-47 (testimony concerning housework), AR at 169 and 172-73 (response to questionnaire in which husband reported that Plaintiff did household chores, went grocery shopping, and could handle money), AR at 635-36 (Plaintiff reported to consultative physician that she could use public transportation and make a budget)]; 20 C.F.R. p.t 404, subpt. P, app. 1 § 12.00(C)(2) (defining social functioning), [AR at 43, 169 (Plaintiff does not like being around crowds and liked to stay home), AR at 73, 632, 737 (Plaintiff went to church twice a week), AR at 733 (Plaintiff showed good interpersonal demeanor even while exhibiting some emotional lability during visit with physician); 20 C.F.R. pt. 404, subpt. P, app. 1 § 12.00(C)(3) (defining concentration, persistence, or pace), AR at 723, 727-30 (Plaintiff's therapist's notes indicate Plaintiff was alert and attentive with unimpaired cognition), AR at 733 (Dr. Carbary concluded Plaintiff could deploy and sustain attention to tasks and interview questions even when emotionality prompted a pause); 20 C.F.R. p.t 404, subpt. P, app. 1 § 12.00(C)(4) (defining decompensation as temporary increases in symptoms or signs accompanied by a loss of adaptive functioning); AR at 15 (concluding that there was no evidence that Plaintiff experienced any episodes of decompensation); see also AR at 639-49, 669-79 (agency medical consultants' opinions that Plaintiff did not meet or equal the listings).]

It follows that, despite her arguments to the contrary, that the ALJ's decision at the second step of the five step sequential analysis under which claims are considered was supported by substantial evidence. *See Preslar v. Sec'y of Health & Hum. Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994) (citing 20 C.F.R. § 404.1520 (1982)) ("At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in § 404.1509, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled."). It follows that, in the absence of other arguments with respect to error at the subsequent steps in the sequential analysis, the decision of the ALJ and, in turn, the Acting Commissioner should be affirmed. Having carefully considered the briefing and arguments of counsel and having reviewed the Administrative Transcript, the Court concludes that the decision of the Acting Commissioner is supported by substantial evidence, that Plaintiff's motion for summary judgment will be denied, and that Defendant's motion for summary judgment will be granted.

Accordingly, **IT IS ORDERED**:

(1) That Plaintiff's Motion for Summary Judgment [DE 32] is **DENIED**;

(2) That the Acting Commissioner's Motion for Summary Judgment [DE 33] is **GRANTED**.

This the 17th day of March, 2017.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge